IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00012-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. YARON "RONI" LEVIN,

    Defendant.

# ORDER

This matter comes before the Court on defendant's Motion to Continue Sentencing and Request for Defendant's Release from Custody Pending Sentencing [Docket No. 269], wherein defendant Yaron Levin asks the Court to continue his sentencing hearing to some unspecified date and, in the event that the Court grants such motion, release him pending sentencing. The United States has filed a response. *See* Docket No. 271.

The Court first addresses defendant's request to continue the sentencing hearing. The Court finds good cause to continue the sentencing hearing based on counsel's recent surgery.

The Court next addresses the request to release the defendant pending sentencing. On November 1, 2013, the defendant pled guilty to Count One of the indictment. The defendant's bond was continued. On December 2, 2013, the Court issued a warrant for the defendant's arrest based upon probable cause that he had

violated the conditions of his bond. On December 12, 2013, Magistrate Judge Kathleen Tafoya conducted a bond revocation hearing, found that defendant had violated the conditions of his release on bond, and ordered him held without bond pending sentencing.

Defendant's request for release pending sentencing fails to indicate what statutory provision would authorize his release. However, the motion does not suggest that he is seeking to challenge or revoke the magistrate judge's order of detention. Rather, it appears that the defendant is seeking to re-open the detention hearing. In order to re-open a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142, the movant must present information that "was not known to the movant at the time of the hearing" which the Court finds "has a material bearing" on the issue of detention. 18 U.S.C. § 3142(f). The Tenth Circuit has interpreted § 3142(f) to require that the same judge who conducted the detention hearing determine whether re-opening the hearing is appropriate. *See United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("Revocation of a prior release order under § 3142(f) is available only when the review of a detention or release order is being conducted by the same judicial officer who entered the order and when new, material information is available"); *see also United States v. Anaya*, 376 F. Supp. 2d 1261, 1262-63 (D.N.M. 2005). Although *Cisneros* involved detention prior to trial, the Court finds that the reasoning of *Cisneros* applies to release pending sentencing as well. Therefore, defendant's motion for release pending sentencing will be referred to the judicial officer who conducted the December 12, 2013 detention hearing, Magistrate Judge Kathleen Tafoya . Wherefore, it is

ORDERED that defendant's Motion to Continue Sentencing [Docket No. 269] is granted.  The sentencing hearing set for January 27, 2014 at 10:00 a.m. is vacated.  The parties are directed to call chambers to re-set the sentencing hearing.  It is further

ORDERED that defendant's Request for Release from Custody Pending Sentencing [Docket No. 269] is referred to Magistrate Judge Kathleen Tafoya.

DATED January 23, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge