IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00012-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. YARON "RONI" LEVIN,

    Defendant.

# ORDER

This matter is before the Court on the October 2, 2014 letter from Ken Clute [Docket No. 289], who is a victim of defendant Yaron Levin.  The letter is styled as a "formal wish to appeal" that portion of the Court's May 14, 2014 judgment concerning restitution to Mr. Clute.  Docket No. 289 at 1.  The Court interprets the letter as a request to modify the judgment as to defendant Levin to increase Mr. Clute's restitution from $247.10 to $3,670.18.

## I.  ANALYSIS

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A(a)(1) ("MVRA"), provides, *inter alia*, that, when sentencing a defendant convicted of an offense in which identifiable victims have suffered a physical injury or pecuniary loss, the court must order that the defendant make restitution to such victims.  On November 27, 2013, Mr. Clute returned a Declaration of Victim Losses to the United States Probation Office for the District of Colorado.  Docket No. 263 at 99.  Mr. Clute believed he was entitled to

restitution in the amount of $13,538.90 as a result of defendant's actions. *Id.* On January 16, 2014, the Probation Office recommended that, pursuant to 18 U.S.C. § 3663A, the Court order defendant to pay a total of $89,296.98 in restitution to eighteen identified victims, including a payment of $247.10 to Mr. Clute. Docket No. 267 at 5.[1] At a sentencing hearing on May 9, 2014, the Court adopted the recommendation of the Probation Office with respect to the amount of restitution to be paid by defendant Levin. Docket No. 284 at 4-5.

While the Court is sympathetic to what Mr. Clute endured as part of his move to North Carolina, Mr. Clute does not point to any procedural mechanism or statutory authority under which the Court can grant his request to modify defendant Levin's sentence regarding restitution. Section 3664(o) of Title 18 provides narrow grounds on which a sentence that imposes an order of restitution can be modified. Only two of those grounds are available to victims. Section 3664(o)(1)(C) provides that, pursuant to 18 U.S.C. § 3664(d)(5), a court can modify an order of restitution on a victim's petition within 60 days of the discovery of further losses. Section 3664(o)(1)(D) provides that an award of restitution can be adjusted under 18 U.S.C. § 3664(k) upon a victim's notification of a material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. Those circumstances do not apply here. Mr. Clute identifies no newly-discovered losses. And he does not predicate his request

---

[1]On January 16, 2014, the Probation Office filed an Addendum to the Presentence Report, Docket No. 268 ("Addendum"), which recommended that the total amount of restitution be increased to $92,169.51 to account for an additional victim whose losses had been ascertained. Docket No. 268 at 2. The Probation Office did not recommend altering the award of restitution to Mr. Clute in the Addendum. *See id.*

on Mr. Levin's change of economic situation.

Outside of the two narrow circumstances described above, the Court is unaware of any mechanism by which it has jurisdiction to amend defendant's sentence and increase the amount of restitution owed to Mr. Clute. Courts have repeatedly held that victims do not have standing to appeal an award of restitution under the MVRA. *See United States v. United Sec. Sav. Bank*, 394 F.3d 564, 567 (8th Cir. 2004) (holding that "[a] crime victim does not have standing to appeal a district court's restitution order") (citations omitted); *see also United States v. Monzel,* 641 F.3d 528, 543-44 (D.C. Cir. 2011) ("[t]he MVRA may provide victims an opportunity to submit affidavits detailing their losses, but it does not . . . set forth procedures by which victims may move to reopen sentences"); *United States v. Stoerr*, 695 F.3d 271, 277 (3d Cir. 2012) (holding that "a non-party lacks standing to appeal a restitution order, because a non-party lacks a judicially cognizable interest in a criminal defendant's sentence. . . . Although a restitution order may resemble a civil judgment in the sense that it compensates a private party, it remains criminal rather than civil in nature") (citations and quotations omitted). Mr. Clute has no standing to move to reopen defendant Levin's sentencing determination, and the Court has no jurisdiction to grant the relief he seeks.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Mr. Ken Clute's request to modify the sentence of defendant Yaron Levin regarding Mr. Clute's restitution award [Docket No. 289] is **DENIED**.

DATED October 8, 2014.

                                             BY THE COURT:

                                             s/Philip A. Brimmer
                                             PHILIP A. BRIMMER
                                             United States District Judge